FILED
U.S. DISTRICT COURT

2007 JUL 18 A 9 35

R Clk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LEO PHILLIP THOMAS,                      :
                                         :
                Plaintiff,               :
                                         :
        vs.                              :      CIVIL ACTION NO.: CV207-074
                                         :
FEDERAL BUREAU OF PRISONS                :
and JOSE M. VAZQUEZ,                     :
                                         :
                Defendants.              :


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Federal Satellite Low in Jesup, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that while he was housed at the Pensacola Federal Prison Camp, an inaccurate incident report was filed which cited him for "failing to perform work as instructed." (Compl., p. 1). Plaintiff further avers he informed Lieutenant Vasquez that the report was untrue. Plaintiff contends a Discipline Hearing Officer found the report accurate and ordered Plaintiff to be transferred from the Pensacola Federal Prison Camp. Plaintiff states that while he was in transit, he appealed the report, and in

response, the Regional Director ordered the report to be expunged from Plaintiff's record. Plaintiff alleges he filed a request to be transferred back to the Pensacola Federal Prison Camp but that Lieutenant Vasquez wrote an Administrative Remedy Response, which denied this request. Plaintiff also states he subsequently wrote to the Administrative Remedy Coordinator requesting an explanation and was informed he had exhausted his appeals at the Regional level and needed to appeal at the Central Office Level. Plaintiff contends that after several letters to various administrators, the Administrative Remedy Coordinator responded that the Plaintiff's appeals were never received.

Inmates have no constitutional right to be incarcerated in any particular prison or to avoid being transferred between prisons. See Olim v. Wakinekona, 461 U.S. 238, 245, 103 S. Ct. 1741, 1745, 75 L. Ed. 2d 813 (1983). Although a prisoner cannot be transferred in retaliation for his exercise of constitutionally protected rights, generally, prison officials may transfer a prisoner for whatever reason or for no reason at all. Goff v. Burton, 91 F.3d 1188, 1191 (8th Cir. 1996). A transfer that was otherwise lawful would not become unlawful merely because a prison policy was not strictly followed. Floyd v. Henderson, 456 F.2d 1117, 1119 (5th Cir. 1972). Because Plaintiff's Complaint states he was transferred as discipline for failing to perform work as instructed, Plaintiff has failed to show that his transfer was related to the exercise of his constitutional rights.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under Bivens and 28 U.S.C. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this 18th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE